**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| VON HAMILTON, | ) CASE NO. 4:21 CV 644 |
| | ) |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| | ) |
| vs. | ) |
| | ) **MEMORANDUM OF OPINION** |
| CM DRODDY, et al., | ) **AND ORDER** |
| | ) |
| | ) |
| Defendants. | ) |

*Pro se* Plaintiff Von Hamilton, purportedly an inmate in the Mahoning County Jail,[1] filed this action, which he titles as a Petition for a Writ of Habeas Corpus, Mandamus, and Complaint against Oakdale Federal Correctional Complex ("FCI Oakdale") employees CM Droddy, CM Harrington, Sekou Maat, and CO J. Guillory; the federal Bureau of Prisons; President Joseph Biden; the City of Oakdale Louisiana; and Mahoning County Sheriff Jerry Greene. In the Complaint (Doc. # 1), Plaintiff complains solely of the conditions of confinement to which he was subjected in FCI Oakdale.[2] He asserts violations of his Fourth and

---

[1] Although he indicates that he is an inmate in the Mahoning County Jail, the Jail does not have a current inmate by that name.

[2] The United States Bureau of Prisons indicates Von A. Hamilton was released in 2014. They have no other listings for an inmate named Von Hamilton.

Eighth Amendment rights. He seeks release from custody, an executive order from President Biden to improve prison conditions, and monetary damages.

## I. BACKGROUND

The Complaint is disjointed and difficult to piece together. It appears that he was incarcerated in FCI Oakdale in Louisiana in 2020. He states that the City of Oakdale failed to restore the water in a timely manner, making it impossible to flush toilets or wash. He contends this helped to spread Covid-19. He also claims Maat did not object when a Covid positive inmate switched mattresses with an inmate that did not test positive for Covid. Plaintiff does not allege that he was one of these inmates or that he contracted Covid.

Plaintiff also contends he was subjected to an uncomfortable night at FCI Oakdale. He gives no indiction of when this incident occurred. He claims he was scheduled to be transferred but his flight was cancelled and he was required to spend another night at the facility. He contends he suffers from scoliosis and requires a bottom bunk. He instead was placed in a cell with another inmate and given a top bunk for the night. He states another cell was empty and either he or the other inmate should have been moved in there for the night. He claims Guillory refused to open the other cell. He also alleges the other inmate talked in his sleep, keeping Plaintiff awake all night. Plaintiff contends he was "illegally seized" on the top bunk in violation of the Fourth Amendment and subjected to pain in violation of the Eighth Amendment. He also asserts state law claims for negligence, and intentional infliction of emotional distress.

## II. ANALYSIS

As an initial matter, Plaintiff attempts to categorize this as a habeas petition, a mandamus petition, and a civil rights action. He cannot bring all three of these in one pleading.

This cannot be construed as a habeas petition. The claims asserted in the pleading are clearly pertaining to conditions of confinement. Challenges to only the conditions of confinement do not state a claim for relief cognizable under 28 U.S.C. § 2241. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

This also cannot be construed as a mandamus action. Under the All Writs Statute, 28 U.S.C. § 1651, "federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). The mandamus remedy, however, "is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (citation omitted). To ensure that the writ will issue only in extraordinary circumstances, the party seeking a mandamus petition must "have no other adequate means to attain the" desired relief, and he or she must show that the right to the writ is "clear and indisputable." *Id*. at 35 (citations and quotations omitted). Plaintiff asks this Court to Order the President to improve conditions in federal prisons. Plaintiff was not incarcerated in federal prison when he

filed this action and his request for relief is far too vague to be translated into a clear and indisputable right to something he is being denied.

This pleading can only be construed as a civil rights action. That raises two issues. First, Plaintiff did not pay the filing fee for a civil rights action, which is $ 402.00 as compared to $ 5.00 for a habeas action, and did not complete the proper form to request to proceed *in forma pauperis*.

Furthermore, this is the wrong venue for a civil rights action based on alleged constitutional violations that occurred in Louisiana. A civil action may be brought only in: (1) a judicial district where any Defendant resides, if all Defendants reside in the state in which the District Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). Here, all of the Defendants do not reside in Ohio. In fact, only the Mahoning County Sheriff is a resident of Ohio and the Complaint does not include any claims against him. All of the events giving rise to the claims occurred in Louisiana, not the Northern District of Ohio. The proper venue for this action is the Western District of Louisiana.

An improperly venued action must be dismissed unless it is in the interest of justice that it be transferred to a district or division in which it could have been brought.

28 U.S.C. § 1406(a). Because Plaintiff has not paid the filing nor attempted to file a proper Application to Proceed *In Forma Pauperis*, and does not appear to be incarcerated in either FCI Oakdale, or the Mahoning County Jail, it is not in the interest of justice to transfer this case. Plaintiff can file a civil rights in the appropriate venue. This case is dismissed without prejudice.

## IV. CONCLUSION

Accordingly, this action is **DISMISSED** without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

    */s/Dan Aaron Polster 7/13/21*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.